Matthew L. Walters (ISB #6599)
mlw@elamburke.com
Jaclyn T. Gans (ISB #9291)
jtg@elamburke.com
ELAM & BURKE, P.A.
251 East Front Street Suite 300
Post Office Box 1539
Boise, Idaho 83701
Telephone: (208) 343-5454
Facsimile: (208) 384-5844

Attorneys for Defendant Kevin Choate

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KRISTINA JAYNE LAFFERTY, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>KEVIN CHOATE, an individual,<br><br>OFF-SPEC SOLUTIONS, LLC, a Delaware Limited Liability Company,<br><br>CVF CAPITAL PARTNERS, INC., a Delaware corporation doing business in California, and<br><br>TONY POWE, an individual,<br><br>　　　　　Defendants. | Case No.  1:23-cv-00082-REP<br><br>MEMORANDUM IN SUPPORT OF DEFENDANT KEVIN CHOATE'S MOTION TO DISMISS UNDER F.R.C.P. 12(b)(5) |

COMES NOW Defendant Kevin Choate, by and through his counsel of record, ELAM & BURKE P.A., and hereby submits this Memorandum in Support of his Motion to Dismiss Under F.R.C.P. 12(b)(5).

MEMORANDUM IN SUPPORT OF DEFENDANT KEVIN CHOATE'S MOTION TO DISMISS UNDER F.R.C.P. 12(b)(5) - 1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiff Kristina Lafferty filed her Complaint on February 27, 2023. (Dkt. 1). The Summons was issued as to all defendants on February 28, 2023. (Dkt. 2).

2. On May 31, 2023, the Court entered its Order Extending Service Deadline (Dkt. 3), which provided in part:

> The deadline for Plaintiff to effectuate service was May 30, 2022. *See* Fed. R. Civ. P. 4(c)(1) and 4(m) (the "plaintiff is responsible for having summons and complaint served" within "90 days after the complaint is filed."). Plaintiff has not filed a status report on service of process as required by District of Idaho Local Rule 4.1. Nor has Plaintiff filed proof of service with the Court as required by Federal Rule of Civil Procedure 4(l). In such circumstances, "the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).
>
> In accordance with this Rule, the Court will permit Plaintiff 30 additional days, from the date of this order to perfect service. **Failure to effectuate service by this deadline may result in the dismissal of this action without prejudice under Rule 4(m) without further notice to Plaintiff.**

3. The Court ordered the following: "Plaintiff shall properly serve Defendants and file proof of that service with the Court by June 30, 2023. Failure to file proof of service with the Court by this deadline may result in the dismissal of this action without prejudice." (Dkt. 3.)

4. On June 30, 2023, Ms. Lafferty's counsel filed his Affidavit Regarding Service of Summons and Complaint indicating service still had not been effectuated on Defendant Kevin Choate. (Dkt. 4).

5. Therefore, Mr. Choate was not timely served in accordance with the Federal Rules of Civil Procedure or order of this Court.

6. On July 28, 2023, Mr. Choate filed his Motion for Extension of Time to File Answer or Otherwise Respond to Complaint. (Dkt. 5).

7. And on July 31, 2023, this Court entered the following Docket Entry Order:

> The Court will not dismiss Plaintiff's Complaint against Defendant Kevin Choate at this time. In turn, the Court HEREBY GRANTS Defendant Choate's Motion for Extension of Time. Defendant Choate shall answer or otherwise respond to Plaintiff's Complaint on or before 8/21/2023.

8. According to the declaration of Kevin Choate submitted herewith, there were no attempts to serve him with a copy of the Complaint in any location—including at his home or at his place of employment—prior to or on June 30, 2023, the extended deadline imposed by this Court for service to be completed. (*See* Dkt. 3.); *Declaration of Kevin Choate ISO Mtn. to Dismiss*, ¶ 2.

9. During the week of July 3, 2023, Mr. Choate was in Arkansas on vacation. When he returned home from vacation, he learned that at some point during the week of July 3, 2023, a process server attempted to serve him at his place of employment, but was correctly told he was not present. *Id*., at ¶ 3.

10. Mr. Choate was personally served with a copy of the Complaint on July 10, 2023, ten days after the extended deadline imposed by this Court. *Id*., at ¶ 4.

## II.     LEGAL STANDARD

Rule 12(b)(5) permits a defendant to move to dismiss claims against it for insufficient service of process. *Allison v. American Dental Ass'n*, 2012 WL 7832235, at *3-4 (D. Idaho Dec.11, 2012), *report and recommendation adopted*, 2013 WL 1385533 (D. Idaho Apr. 4, 2013). Where a defendant attacks the timeliness of the service of process, Rule 12(b)(5) governs the resolution of the motion. *Kline Enterprises, Inc. v. Swenson*, No. 1:11-CV-535-BLW, 2013 WL 1224452, at *1 (D. Idaho Mar. 25, 2013). In resolving a Rule 12(b)(5) motion, the Court may consider evidence outside the pleadings. *Id*., (quoting 5C, Wright and Miller *Federal Practice & Procedure* § 1364 at 133–34 (3d ed.2002)).

### III.     ARGUMENT

The Complaint was not timely served as to Mr. Choate, and therefore, it should be dismissed in accordance with the plain language of Rule 4(m). That rule provides:

> (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

F.R.C.P. 4(m) (emphasis added).

Ms. Lafferty has twice missed the deadline to effect service on Mr. Choate. First, and as the Court previously noted, Ms. Lafferty missed the original May 30, 2023, deadline, and failed to file a status report on service of process as required by District of Idaho Local Rule 4.1, or a proof of service with the Court as required by Federal Rule of Civil Procedure 4(l). (Dkt. 3). Nevertheless, the Court gave her an additional 30 days. (Dkt. 3). Ms. Lafferty missed that deadline as well, which her counsel acknowledged on June 30, 2023 when he testified that Mr. Choate "[had] not yet been served." *See Affidavit of Service [Of] Complaint and Demand for Jury Trial*, ¶ 2 (Dkt. 4).

Ms. Lafferty *still* has not filed a proof of service as to Mr. Choate or any other defendant. The language in Rule 4(m) is mandatory. If a defendant is not timely served, as here, the Court only has two options. It *must* (1) dismiss the action without prejudice or (2) order that service be made within a specified time. F.R.C.P. 4(m). The Court already took the latter approach, ordering that service be made by June 30, 2023. There is no dispute that service was *not* made by that date, and therefore, the Court should now dismiss this action without prejudice in accordance with Rule 12(b)(5) and Rule 4(m).

MEMORANDUM IN SUPPORT OF DEFENDANT KEVIN CHOATE'S MOTION TO DISMISS UNDER F.R.C.P. 12(b)(5) - 4

## IV.      CONCLUSION

For the reasons set forth above, Mr. Choate respectfully requests that this Court dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m).

DATED this 21st day of August, 2023.

                                       ELAM & BURKE, P.A.

                                       By:   */s/ Jaclyn T. Gans*
                                             Matthew L. Walters, Of the Firm
                                             Jaclyn T. Gans, Of the Firm
                                             Attorneys for Defendant Kevin Choate

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on the 21st day of August, 2023, I electronically filed the foregoing with the U.S. District Court. Notice will be emailed to the following individuals:

  Ronald W. Brilliant      rb@brilliantlawoffice.com
  *Attorneys for Plaintiff*


            */s/ Jaclyn T. Gans*
            Jaclyn T. Gans